1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11     WILLIAM JAMES WALLACE, II,

Plaintiff,

12

13          v.

14     J. WHITE, et al.

Defendants.

15

Case No. 1:20-cv-00844-EPG (PC)

ORDER DENYING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL

(ECF No. 10)

16          Plaintiff, William James Wallace, II, is proceeding *pro se* and *in forma pauperis* in this

17     civil rights action pursuant to 42 U.S.C. § 1983. On September 8, 2020, Plaintiff filed a motion

18     for the appointment of counsel. (ECF No. 10.) The Court will deny the motion.

19          Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

20     *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to

21     represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for*

22     *the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional

23     circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).

24     *Rand*, 113 F.3d at 1525.

25          Without a reasonable method of securing and compensating counsel, the Court will seek

26     volunteer counsel only in the most serious and exceptional cases. In determining whether

27     "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

28     of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1   complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

2         In the present case, the Court does not find the required exceptional circumstances. The

3   Court has screened Plaintiff's complaint and found that he failed to state any cognizable claim.

4   Even if it is assumed that Plaintiff is not well versed in the law and that he is able to amend his

5   complaint to state cognizable claims, which, if proved, would entitle him to relief, his case is not

6   exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the

7   proceedings, and particularly in light of the Court's screening order finding that Plaintiff has

8   failed to state any cognizable claim, the Court cannot make a determination that Plaintiff is likely

9   to succeed on the merits. Finally, based on a review of the record in this case, the Court does not

10  find that Plaintiff cannot adequately articulate his claims. *Id.*

11        For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of

12  counsel (ECF No. 10) is DENIED without prejudice.

13
14  IT IS SO ORDERED.

15    Dated:   **September 10, 2020**          /s/ *Erica P. Grosjean*

16                                            UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28