UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>Plaintiff,<br><br>v.<br><br>J. WHITE, et al.<br><br>Defendants. | Case No. 1:20-cv-00844-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR SERVICE OF PROCESS ON DEFENDANTS<br><br>(ECF No. 14) |

Plaintiff, William James Wallace, II, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 23, 2020, Plaintiff filed a motion for the appointment of counsel and for Defendants to be served with Plaintiff's complaint. (ECF No. 14.) The Court will deny the motion.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. The Court has screened Plaintiff's complaint and first amended complaint and found that he failed to state any cognizable claim. Even if it is assumed that Plaintiff is not well versed in the law and has had limited access to the law library,[1] and that he is able to amend his complaint to state cognizable claims, which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, and particularly in light of the Court's screening orders finding that Plaintiff has failed to state any cognizable claim, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

As to Plaintiff's request that Defendants be served with Plaintiff's first amended complaint, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, and must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a), (b)(1), (2).

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel and for service of the first amended complaint on Defendants (ECF No. 14) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 26, 2020**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff contends that since he came into Defendants' custody on January 21, 2020, he has only had one hour of law library access. (ECF No. 14 at 1-2.) However, the Court set out in the screening orders the relevant legal standards for the claims he appears to be pursuing in this action, including claims under the Americans with Disabilities Act ("ADA") and claims for lack of access to the law library. (ECF Nos. 9, 13.) Further, the Court has given Plaintiff leave to file a second amended complaint to allege additional true *factual allegations*. Plaintiff has not demonstrated how lack of access to the law library is interfering with his ability to draft a second amended complaint that provides those additional factual allegations.

2