UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WHITE, et al.,<br><br>        Defendants. | No. 1:20-cv-00844-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS LOPEZ, WADE, WHITE AND DOE FOR DELIBERATE INDIFFERENCE TO UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT AND THAT ALL OTHER DEFENDANTS AND CLAIMS BE DISMISSED<br><br>(ECF No. 16)<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF PRO BONO COUNSEL<br><br>(ECF No. 16)<br><br>ORDER DIRECTING CLERK OF COURT TO APPOINT DISTRICT JUDGE |

Plaintiff William James Wallace, II ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 15, 2020. (ECF No. 1). Now before the Court is Plaintiff's second amended complaint, filed on October 26, 2020. (ECF No. 16). The second

1

amended complaint brings claims concerning the housing conditions at his former institution of confinement, Wasco State Prison, and concerning the prison's failure to comply with the Americans with Disabilities Act. Plaintiff's complaint also requests the Court to appoint pro bono counsel.

The Court has reviewed the complaint and finds that the following claims should proceed past the screening stage: Plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Lopez, Wade, White and Doe. The Court recommends dismissing all other claims and defendants. In addition, the Court denies Plaintiff's motion for the appointment of pro bono counsel.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections to the findings and recommendations.

## I.  PROCEDURAL BACKGROUND

This is the third complaint the Court has screened in this action. In its first screening order, the Court found that Plaintiff's original complaint, which brought claims under the Americans with Disabilities Act, the Eighth Amendment, and the First Amendment, failed to comply with Federal Rules of Civil Procedure 18 and 20 because it proceeded on unrelated claims against different defendants. (ECF No. 9). The Court provided legal standards and granted Plaintiff leave to amend. (*Id.*).

Plaintiff filed a first amended complaint on September 23, 2020. (ECF No. 12). It brought substantially the same claims as in the original complaint. In its second screening order, the Court again found Plaintiff's complaint failed to comply with Rules 18 and 20, for the same reason as in the first screening order. (ECF No. 13).

Plaintiff filed his second amended complaint on October 26, 2020, (ECF No. 16), which is now before the Court for screening.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally

1 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).
3 As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28
4 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
5 the court shall dismiss the case at any time if the court determines that the action or appeal fails to
6 state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7      A complaint is required to contain "a short and plain statement of the claim showing that
8 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
9 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
11 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual
12 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting
13 *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this
14 plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not
15 required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681
16 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal
17 conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

18      Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
19 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that
20 pro se complaints should continue to be liberally construed after *Iqbal*).

21 **III.   ALLEGATIONS IN THE COMPLAINT**

22      Plaintiff's second amended complaint alleges the following:

23      Plaintiff was incarcerated at Wasco State Prison, which is operated by Defendant
24 California Department of Corrections and Rehabilitation ("CDCR"). Defendants Lopez and Wade
25 are correctional officers employed at Wasco. Defendant White is the assistant superintendent at
26 Wasco. Defendant Doe is an unidentified CDCR employee.

27      Since March 2017, Plaintiff has had non-union of the medical malleolus with spastic
28 paralysis, which is a chronic condition sometimes called hammertoe. Plaintiff's left foot flexes

3

and his toes are curled into a claw. He always requires a wheelchair for mobility.

Plaintiff arrived at Wasco on January 21, 2020. During his transfer, his medically necessary orthopedic shoes were lost. He is unable to use CDCR's standard-issued shoes. Plaintiff has requested orthopedic shoes but CDCR has failed to provide them. Without those shoes, Plaintiff is unable to safely transfer from his wheelchair to a toilet, his bed, a chair, etc. In addition, it leaves him without shoes in an unsanitary environment.

Plaintiff grieved his lack of the shoes. Defendants have delayed providing the shoes and state their intention to do so.

Plaintiff's housing unit, H2, contains 200 inmates, four showers, and only one ADA-accessible shower. Overcrowding prevents Plaintiff from meeting his personal hygiene needs. Plaintiff has also grieved over an insufficient number of toilets and a denial of access to handicapped-accessible toilets. Defendants have taken no actions.

Unit H2 has inoperable plumbing. Toilets overflow, and the floors are constantly covered in human waste. The waste causes imminent danger because it transfers to his wheelchair's wheels and then his hands and clothing.

Plaintiff reported this problem to Defendants Lopez, Wade and White. The dangers were obvious, but no actions were taken to prevent further exposure. Plaintiff also grieved the unsanitary environment to Defendant Doe, who took no actions to abate further exposure to human waste.

Unit H2 also had inadequate ventilation. The intake registers were located near the showers. The walls were covered in black mold, and the air was saturated with fumes of feces and urine. This air was dispensed over the entire unit, both the sleeping area and the dining area.

Plaintiff notified Defendant Wade, who ordered maintenance to perform the necessary cleaning of the intake registers. Maintenance reported they were unable to complete the task because "the system is too dirty and attempting to clean it would release debris into the environment."

Plaintiff suffered from severe congestion, coughing, irritated eyes, and difficulty breathing when lying down. Plaintiff sought medical attention for these symptoms. He was prescribed

allergy medication, and medical staff confirmed it was caused by the inadequate ventilation in the unit.

Plaintiff grieved the statement concerning maintenance's decision that the ventilation was too dirty to clean. Defendant Doe failed to take the necessary steps to abate the risk of further exposure. Plaintiff notified Defendants that he was pursuing a complaint concerning the conditions of confinement and was transferred the following day. Plaintiff alleges that with discovery, he will find that Defendants knew of the unconstitutional conditions within Unit H2 but were deliberately indifferent.

## IV. ADDITIONAL ACTION

The second amended complaint references a separate ongoing action Defendant brought in this district: *Wallace v. CDCR*, 1:20-cv-00905-NONE-JLT (PC). The Court takes judicial notice of that case. Fed. R. Evid. 201; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases"). In *Wallace v. CDCR*, Plaintiff's action is proceeding on his claims against the CDCR and individual defendants in their official capacities for violating the ADA, in part due to the failure to provide Plaintiff with orthotics. *Wallace*, 1:20-cv-905, ECF Nos. 20, 22, 27.

## V. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

*Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged

6

deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

## VI. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Pleading Standards

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)."

*K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the

7

action.").

Plaintiff brings two types of claims. The first type concerns unsanitary conditions, raw sewage, and mold. The second concerns whether Plaintiff has received reasonable accommodations under the Americans with Disabilities Act ("ADA"). These claims are not related and thus violate Federal Rules of Civil Procedure 18 and 20.

This is the third time the Court has found Plaintiff failed to comply with Rules 18 and 20. The Court previously warned Plaintiff that continued failures to comply with Rules 18 and 20 could lead to the Court severing claims:

> The Court notes the above analysis is nearly identical to the analysis the Court provided with respect to Plaintiff's first complaint. **Plaintiff may not pursue multiple unrelated actions in one lawsuit. If Plaintiff amends his complaint, he must choose on claim or related set of claims to pursue.** Other actions may be brought in separate lawsuits. If Plaintiff's second amended complaint fails to comply with Rules 18 and 20, the Court may choose to pick one claim and sever the remainder.

(ECF No. 13 at 6) (emphasis in original).

Because Plaintiff is pursuing a separate case concerning the Americans with Disabilities Act, *see Wallace v. CDCR*, 1:20-cv-00905-NONE-JLT (PC), the Court recommends dismissing Plaintiff's ADA claim for failure to comply with Federal Rules of Civil Procedure 18 and 20 without prejudice.

### B.    Conditions of Confinement Claims

#### 1.    Legal Standards

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*,

801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer,* 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer,* 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

"'The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious.'" *Jackson v. Walker*, 2009 WL 1743639 at *8 (E.D. Cal. 2009) (quoting *Tucker v. Rose*, 955 F.Supp. 810, 816 (N.D.Ohio 1997). However, a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *opinion amended on denial of reh'g,* 75 F.3d 448 (9th Cir. 1995). *See also Taylor v. Riojas*, 141 S.Ct. 52, 53-54 (2020) (finding no qualified immunity to officers who housed inmate "in cells teeming with human waste" for six days).

2. <u>Analysis of Plaintiff's Claims</u>

Here, Plaintiff alleges that there are insufficient toilets and poor plumbing in Unit H2, a 200-person dorm, leading to human feces on the floor, which subsequently gets on his hands and clothes. Plaintiff also alleges there are too few showers, so he is unable to clean himself. Plaintiff

9

further alleges inadequate ventilation in the unit leads to mold. These allegations are sufficiently serious at this screening stage to allege an Eighth Amendment violation.

Plaintiff alleges he reported the problems to Defendants Lopez, Wade, White and Doe. However, the problems persisted and there were no actions to abate the plumbing despite the obvious presence of feces. Plaintiff further alleges that even though Defendant Wade ordered maintenance to work on the ventilation, none of the problems were fixed. For screening purposes, these allegations are sufficient to show deliberate indifference. As such, the Court will allow Plaintiff's deliberate indifference claims to go forward.

## VII. MOTION TO APPOINT COUNSEL

Plaintiff's second amended complaint also includes a motion to appoint counsel. This is Plaintiff's second motion for the appointment of counsel, which the Court denied. (*See* ECF Nos. 10, 11). For the same reasons as before, the Court denies Plaintiff's renewed motion to appoint counsel without prejudice.

## VIII. CONCLUSION, RECOMMENDATIONS AND ORDER

The Court has screened Plaintiff's complaint and finds that it states cognizable claims against Defendants Lopez, Wade, White and Doe for violating Plaintiff's Eighth Amendment rights with respect to the conditions of confinement at Wasco and that Plaintiff's claims under the ADA should be dismissed without prejudice for failure to comply with Federal Rules of Civil Procedure 18 and 20.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendants Lopez, Wade, White and Doe for violating Plaintiff's Eighth Amendment rights by being deliberately indifferent to the unconstitutional conditions of confinement at Wasco; and
2. All other Defendants and claims be dismissed without prejudice.

In addition, it is HEREBY ORDERED that:

A. Plaintiff's motion to appoint counsel (ECF No. 16) be DENIED; and
B. The clerk of court is respectfully directed to appoint a district judge to this case.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 12, 2021**          /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE