1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   WILLIAM JAMES WALLACE, II,              Case No. 1:20-cv-00844-NONE-EPG (PC)

12                  Plaintiff,

13          v.                               ORDER DENYING REQUEST TO APPOINT
                                             EXPERT WITNESS
14   J. WHITE, et al.,
                                             (ECF No. 32)
15                  Defendants.

16

17          Plaintiff William James Wallace, II ("Plaintiff") is a state prisoner proceeding *pro se* and

18   *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19          On June 7, 2021, the Court entered an order directing the parties to file a statement

20   regarding the schedule and discovery matters within thirty days. (ECF No. 29.) Plaintiff filed his

21   statement on June 25, 2021. (ECF No. 32.) In his statement, Plaintiff requests that the Court

22   appoint an expert witness "to attest to the unsanitary conditions at Wasco State Prison, in regard

23   to the claims of inadequate ventilation, inoperable plumbing and another to qualify the Plaintiff as

     entitled to the Reasonable Accommodations to which he requested and was subsequently denied."
24
     (ECF No. 32.)
25
            The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal
26
     Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d
27
     1065, 1071 (9th Cir. 1999). In relevant part, Rule 706(a) states that, "[o]n a party's motion or on
28

                                                    1

its own, the court may order the parties to show cause why expert witnesses should not be appointed . . .." Fed. R. Evid. 706(a). While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706(c)(2); *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002), Rule 706 is not a means to avoid the *in forma pauperis* statute's "prohibition against using public funds to pay for the expenses of witnesses," *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012), nor does Rule 706 "contemplate court appointment and compensation of an expert witness as an advocate for one of the parties," *Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. 2013).

"Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Several factors guide the court's decision. First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding. The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case. Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case." *Johnson v. Cate*, 2015 WL 5321784, at *2 (E.D. Cal. 2015) (citations omitted).

Plaintiff's request for appointment of an expert witness will be denied. First, Plaintiff has failed to show that an expert is "necessary or significantly useful for the trier of fact to comprehend a material issue in [this] case." *Johnson*, 2015 WL 5321784, at *2. Plaintiff has not explained how a neutral expert would assist the Court or the jury in comprehending a material issue in this case. Plaintiff can provide testimony regarding his observations of and experience with the unsanitary conditions at Wasco State Prison. There is no indication that the trier of fact will not be able to understand or interpret the evidence on these issues without the assistance of an independent expert.

Although Plaintiff also requests an expert "to qualify the Plaintiff as entitled to the Reasonable Accommodations to which he requested and was subsequently denied[,]" this case proceeds only on Plaintiff's claims against Defendants Lopez, Wade, White, and Doe for unconstitutional conditions of confinement in violation of Plaintiff's Eighth Amendment rights.

2

(*See* ECF Nos. 18, 19, 32.) All other claims, including Plaintiff's claims pursuant to the Americans with Disabilities Act, have been dismissed. (*See* ECF Nos. 18, 19.) Therefore, whether Plaintiff was entitled to a reasonable accommodation is not an issue in this case.

Second, Plaintiff appears to be requesting that the Court appoint an expert for him—not a neutral expert. (*See* ECF No. 32.) Appointing an expert witness to assist Plaintiff in the preparation of his case would be an improper use of Rule 706(a). *Faletogo*, 2013 WL 524037, at *2 (S.D. Cal. 2013) (Rule 706(a) "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Accordingly, IT IS HEREBY ODERED that Plaintiff's request for appointment of an expert witness (ECF No. 32) is denied.

IT IS SO ORDERED.

Dated: __**June 28, 2021**__                    /s/ *Ruben P. Grosa*
                                                    UNITED STATES MAGISTRATE JUDGE