# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE II,<br><br>    Plaintiff,<br><br>    v.<br><br>J. WHITE, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00844-JLT-EPG-PC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 47)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff William James Wallace II is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants Lopez, Wade, and White have moved for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies regarding his Eighth Amendment claim. For the reasons stated herein, the undersigned recommends granting Defendants' motion for summary judgment and dismissing this action without prejudice.

**I.    BACKGROUND**

This action is proceeding on Plaintiff's claim against Defendants Lopez, Wade, White, and John Doe for deliberate indifference to allegedly unconstitutional conditions of Plaintiff's confinement, in violation of the Eighth Amendment. (ECF No. 19 at 2).[1] This claim stems from Plaintiff's allegations of insufficient toilets and poor plumbing in Unit H2 of Wasco State Prison

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

that led to human feces on the floor that subsequently got onto Plaintiff's hands and clothes, too few showers so that Plaintiff was unable to clean himself, and inadequate ventilation causing mold. Plaintiff reported the problems to Defendants. Despite Defendant Wade ordering maintenance work on the ventilation, the problems persisted and there were no actions taken to abate the plumbing issues even with the obvious presence of feces. (ECF No. 18 at 9–10).

On October 25, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to fully exhaust his administrative remedies before filing this action. (ECF No. 47). To date, no opposition or statement of non-opposition to the motion for summary judgment has been filed, and the time for doing so has passed.

## II.   LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson

1 v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence
2 in support of the plaintiff's position will be insufficient; there must be evidence on which the
3 jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an
4 essential element of the nonmoving party's case necessarily renders all other facts immaterial."
5 Celotex, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by
6 relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d
7 1040, 1045 (9th Cir. 1989).

8     In reviewing the evidence at the summary judgment stage, the Court "must draw all
9 reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros
10 de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only
11 draw inferences, however, where there is "evidence in the record . . . from which a reasonable
12 inference . . . may be drawn . . ."; the court need not entertain inferences that are unsupported by
13 fact. Celotex, 477 U.S. at 330 n.2 (citation omitted). Additionally, "[t]he evidence of the non-
14 movant is to be believed . . . ." Anderson, 477 U.S. at 255.

15     In reviewing a summary judgment motion, the Court may consider other materials in the
16 record not cited to by the parties but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v.
17 San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

18     In a summary judgment motion for failure to exhaust, the defendants have the initial
19 burden to prove "that there was an available administrative remedy, and that the prisoner did not
20 exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden,
21 "the burden shifts to the prisoner to come forward with evidence showing that there is something
22 in his particular case that made the existing and generally available administrative remedies
23 effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the
24 defendant." Id. "If material facts are disputed, summary judgment should be denied, and the
25 district judge rather than a jury should determine the facts." Id. at 1166.

26     **B. Exhaustion**

27     At the relevant time, "[t]he California prison grievance system ha[d] three levels of
28 review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes

1  v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed
2  June 1, 2020); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs.
3  tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the
4  California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by
5  a designated representative under the supervision of the third level Appeals Chief or equivalent.
6  The third level of review exhausts administrative remedies . . . .") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 578 U.S. 632, 640, 642 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

There are no "special circumstances" exceptions to the exhaustion requirement. Ross, 578 U.S. 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 639. The Ross Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Ross, 578 U.S. 643–44. "When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

### III.   DISCUSSION

#### A. Factual Background

The relevant facts in this case are undisputed because Plaintiff failed to file an opposition or respond in any way to the motion for summary judgment. Defendants argue that Plaintiff failed to fully exhaust his available administrative remedies before filing the lawsuit. Specifically, Defendants contend that Plaintiff withdrew his administrative appeal at the first level of review and never submitted the appeal to the third level of review. (ECF No. 47-1 at 1, 6).

Defendants have submitted the declaration of B. Keyfauver, who is employed by the California Department of Corrections and Rehabilitation ("CDCR") as a Grievance Coordinator at Wasco State Prison ("WSP"). (ECF No. 47-2 at 11). Keyfauver is responsible for screening, logging, processing, and maintaining records regarding non-healthcare related appeals submitted by inmates at WSP. Keyfauver is also the custodian of records and can verify if an inmate at WSP has submitted a non-healthcare related appeal on a particular issue. (Id. at 11–12).

Keyfauver declares that a search of the Inmate/Parolee Appeals Tracking System ("IATS") was conducted for appeals submitted by Plaintiff between January 21, 2020 (when Plaintiff first arrived at WSP) and June 15, 2020 (the date Plaintiff filed his complaint). The search revealed that Plaintiff submitted appeal log number WSP-H-20-00568, dated February 1, 2020, alleging that the restroom in his housing unit was in serious need of repair and that the toilets and urinals constantly overflowed, exposing inmates to raw sewage. However, this appeal did not mention any issues regarding ventilation and mold. (ECF No. 47-2 at 15, 22). Appeal log number WSP-H-20-00568 was accepted at the first level of review and assigned on February 4, 2020. (ECF No. 47-2 at 22). On February 5, 2020, Plaintiff withdrew the appeal because "problems have been resolved at this time." (Id. at 23). On February 13, 2020, appeal log number WSP-H-20-00568 was canceled pursuant to California Code of Regulations, Title 15, Section 3084.6(g) because Plaintiff was "attempting to resubmit an appeal [he] previously withdrew and ha[d] failed to include a valid reason why the appeal should be accepted for further processing." (Id. at 20).

Defendants also submitted the declaration of Howard E. Moseley, who is employed by the CDCR as the Associate Director of the Office of the Appeals ("OOA") and administers the CDCR's grievance and appeal process for all offenders. (ECF No. 47-2 at 30). The OOA receives, reviews, and maintains all appeals not related to health care issues. (Id. at 31). Moseley conducted a search of the OOA's computer system for appeals submitted by Plaintiff between February 1, 2020 (the date of the alleged incident) and June 15, 2020 (the date Plaintiff filed his complaint). The search revealed that the OOA accepted appeal log number 2006282. (Id. at 33, 35). On the CDCR form 602,[2] Plaintiff alleged that he had been improperly denied access to the law library and thus his access to courts and ability to pursue a non-frivolous complaint challenging the conditions of confinement were impeded. (ECF No. 47-2 at 40, 42). At the first level of review, Plaintiff's appeal was partially granted in that Plaintiff would be provided with law library access. However, Plaintiff's appeal was denied regarding "unlimited access to the courts" and receiving legal assistance from CDCR staff. (Id. at 45). In response to the first level

---

[2] Inmates commence the administrative grievance process by submitting a CDCR form 602. (ECF No. 47-2 at 12).

1  review, Plaintiff stated that "[b]eing allowed only a single hour is not sufficient and shown to be
2  unconstitutional" and "frustrated and impeded [his] pursuit of a non-frivolous complaint against
3  the conditions of [his] confinement." (ECF No. 47-2 at 44–45). At the second level of review,
4  Plaintiff's appeal was partially granted in that more law library access was provided. Plaintiff's
5  appeal was denied regarding unlimited law library access and being provided an attorney. (Id. at
6  46–47). In response to the second level review, Plaintiff stated: "Partially granting me what's my
7  constitutional right after being left to suffer through over a month in a filthy, dangerous
8  environment, which placed me in jeopardy of serious injury, and prevented access to ADA
9  entitled accommodations is nowhere near sufficient." (ECF No. 47-2 at 41). Plaintiff alleged that
10 "because of [Plaintiff's] inability to perform proper research, [Plaintiff] failed to meet technical
11 requirements of the court that led to the dismissal" of his federal civil rights complaint, and that
12 Plaintiff's state habeas petition had been "denied again because of errors made caused by denial
13 to law library." (ECF No. 47-2 at 43). Both the federal complaint and state habeas petition "were
14 based on the unsanitary environment at Wasco State Prison, constant exposure to raw sewage,
15 close proximity to human waste and filthy inadequate ventilation which nothing was done to
16 prevent further exposure when brought to the staff of H2." (Id.).

### B. Analysis

It is undisputed that the CDCR has process in place for administrative grievances, and that an inmate must process his grievance through the third level of review in order to exhaust administrative remedies. It is also undisputed that Plaintiff submitted appeal log number WSP-H-20-00568 regarding sewage issues, withdrew the appeal, attempted to submit the withdrawn appeal to the second level of review, and the appeal was canceled. It is undisputed that Plaintiff never exhausted appeal log number WSP-H-20-00568 through the third level of review.

With respect to appeal log number 2006282, the undersigned finds that this "grievance failed to 'alert[ ] the prison to the nature of the wrong for which redress is sought' and provide sufficient information 'to allow prison officials to take appropriate responsive measures'" with respect to Plaintiff's deliberate indifference claim. Reyes, 810 F.3d at 658 (alteration in original) (quoting Griffin v. Arpaio, 557 F.3d 1117, 1120, 1121 (9th Cir. 2009)). The submitted CDCR

form 602 complained of the lack of law library access and lack of assistance to pursue a non-frivolous complaint regarding Plaintiff's conditions of confinement. Plaintiff requested more law library access and legal assistance. Although Plaintiff indicated that he was attempting to pursue legal claims regarding his conditions of confinement, the grievance did not request any action with respect to these underlying conditions of confinement.

As Defendants have carried their burden to show that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy prior to commencement of the instant lawsuit, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino II, 747 F.3d at 1172. However, "the ultimate burden of proof remains with the defendant." Id.

Here, Plaintiff failed to file an opposition or respond in any way to the motion for summary judgment. Accordingly, the Court finds that Defendants have established that there is no genuine dispute that Plaintiff failed to exhaust his Eighth Amendment claim against Defendants. Therefore, the undersigned will recommend that Defendants' motion for summary judgment be granted and this case be dismissed without prejudice for failure to exhaust.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendants' motion for summary judgment (ECF No. 47) be GRANTED; and
2. This action be DISMISSED without prejudice because Plaintiff failed to exhaust his available administrative remedies before filing this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2022**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE