UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES WALLACE, II,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WHITE, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00844-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT JOHN DOE BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF No. 50)<br><br>TWENTY-ONE (21) DAY DEADLINE |

Plaintiff William James Wallace, II ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the following reasons, the Court recommends that Defendant John Doe be dismissed without prejudice for failure to serve, failure to prosecute, and failure to obey a court order.

**I. PROCEDURAL HISTORY**

This case proceeds on Plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Lopez, Wade, White and John Doe. (ECF Nos. 18, 19.) In relevant part, Plaintiff's operative complaint alleges that Unit H2 has inoperable plumbing, toilets overflow, and the floors are constantly covered in human waste. (*See* ECF No. 18 at 4.) According to Plaintiff, he reported the unsanitary environment to the Doe defendant, and they took no actions to abate further exposure to human waste. (*Id*.)

On March 11, 2021, the Court entered an order authorizing service of the summons and

1

complaint on Defendants Lopez, Wade, and White. This order advised Plaintiff that Doe defendants cannot be served until Plaintiff has identified them and amended his complaint to substitute named defendants in place of the Doe defendants. (*Id.* at 2.) Plaintiff was also advised that he would be required to identify Doe defendants as the litigation proceeds. (*Id.*)

On July 9, 2021, the Court entered an order permitting Plaintiff to subpoena documents from the Wasco State Prison that may allow him to identify the Doe defendant. (ECF No. 38.) The Court further set a deadline of 120 days from the date of service of the order for Plaintiff to file a motion to substitute the named individuals in place of the Doe defendant. (*Id.*) Plaintiff was served with the Court's order by mail on July 9, 2021.

On July 22, 2021, Plaintiff submitted a USM-285 form and an AO88B subpoena form. (*See* ECF No. 39.) However, the documents identified in the subpoena were not relevant to identifying the Doe defendant. (*See* ECF No. 40 at 2.) Thus, on July 26, 2021, the Court entered an order permitting Plaintiff to complete and return new subpoena and USM-285 forms. (ECF No. 40.) The Court further extended the deadline for Plaintiff to file a motion to substitute named defendants in place of John Doe. (*Id.*) Plaintiff was directed to file his motion to substitute within 120 days of service of the Court's order. (*Id.*) Plaintiff was served with the Court's order by mail on July 26, 2021.

Plaintiff subsequently completed and returned the subpoena and USM-285 forms and, on August 17, 2021, the Court entered an order directing the United States Marshal to serve the subpoena on the Warden of Wasco State Prison. (ECF No. 42.) The United States Marshal filed a return of service for the subpoena on August 19, 2021. (ECF No. 43.)

Pursuant to the Court's July 26, 2021 order, the deadline for Plaintiff to file a motion to substitute named defendants in place of John Doe was November 26, 2021. (ECF No. 40.) Fed. R. Civ. P. 6(d). However, Plaintiff failed to file the required motion and, on December 13, 2021, the Court entered an order requiring Plaintiff to show cause why John Doe should not be dismissed from this action. (ECF No. 50.) Plaintiff was directed to respond in writing within thirty days from service of the order. (*Id.*) Plaintiff was also warned that failure to respond to the order would result in a recommendation that John Doe be dismissed without prejudice. (*Id.*)

The Court's order to show cause was served on Plaintiff by mail on December 13, 2020.

To date, Plaintiff has not responded to the order to show cause and the time to do so has expired.[1]

## II. DISCUSSION

### A. Failure to Serve John Doe

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties[.]" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

This case has been pending since June 2020. As described above, despite discovery being opened on the issue of the identity of John Doe and Plaintiff being given more than four months to file a motion to substitute, Plaintiff failed to identify John Doe. Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on John Doe, and has failed to serve John Doe within the time period required by Federal Rule of Civil Procedure 4(m).

Accordingly, the Court will recommend that Defendant John Doe be dismissed from the action without prejudice.

---

[1] Defendants Lopez, Wade, and White have moved for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies regarding his Eighth Amendment claim and the Court has entered findings and recommendations that the motion be granted. (ECF Nos. 47, 53.)

**B. Failure to Prosecute and Comply with a Court Order**

Failure to prosecute and failure to comply with a court order may be grounds for dismissal. "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal of John Doe.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's order to show cause. A failure to respond to the Court's orders delays the case and interferes with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case as to John Doe that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use. And, in light of the status of the case and Plaintiff's failure to identify John Doe for service, the preclusion of evidence or witnesses is not available.

The Court will recommend dismissal of John Doe without prejudice. Because the

dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissing John Doe. *Id.*

After weighing the factors, the Court finds that dismissing Defendant John Doe without prejudice is appropriate.

## IV.   RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant John Doe be dismissed from this action without prejudice due to failure to prosecute, failure to comply with a court order, and failure to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on John Doe within the time period prescribed by Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 8, 2022**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE